Matthews, J.
The jury having returned a verdict for the defendant, this case now comes before the court upon the plaintiff’s motion for a new trial.
The plaintiff while riding in an automobile truck,- driven by his agent, was injured in a collision between- the automobile *100 truck and the defendant’s street car at a street intersection. There was conflict in the evidence at the trial as to the details such as sounding of gongs, rate of speed, etc., but these facts were admitted or conclusively proved: — The plaintiff and more than fifteen other young men were in this automobile truck going through Hamilton on their way from Cincinnati to Dayton. At about ten o’clock in the morning they arrived at the intersection of Dayton and Seventh streets, where defendant’s track crossed the former street. There were certain shade trees obstructing the view, but the ear track was straight at that point for some city blocks, and the driver of the automobile truck had the same opportunity to see as had the motorman on the street car. Neither, however, did see the other, and the driver of the automobile truck proceeded to cross the track going at a rate of speed less than fifteen miles per hour. The street car was not proceeding at a high rate of speed, but there was testimony, which was contradicted by other testimony, that there was no slowing down of the street car and it struck the rear of the automobile truck, throwing the plaintiff therefrom and injuring him. The speed of the automobile was not increased just before the collision, and of course the fact that the rear of the automobile truck was struck indicates that if the speed of the street car had been slackened or that of the truck increased, there would have been no collision.
In defining the rights and duties of the parties in this situation, the court, among other things said:
“A driver of a street car on tracks in the streets of the city, must observe, and the driver or motorman of the street car that struck this automobile truck was obliged to observe such watchfulness as ordinary prudence demanded for persons and vehicles crossing its tracks, and must have his street car under ordinary control, and must do the things required by ordinary care under the circumstances, in the handling of the street car as would enable him to avoid injuriñg others who have equal rights in the streets. ’ ’
Also,
“It is the duty of drivers or motormen of street cars on the streets of the city to use ordinary care in watching ahead for *101 vehicles, and to drive at a rate of speed reasonably safe for other users of the street under the circumstances, etc. ’ ’
Also,
“At this point the court will say that only that negligence of a party to this case can be considered by you, which is the proximate cause of the collision, or contributed to the proximate cause of the collision. If either the plaintiff or the defendant had, prior to this collision, been guilty of any negligence that had ceased — had spent its force — prior to and before the collision, then that negligence would not be the proximate cause, or a part of the proximate cause of the collision, and should be disregarded by you. And any negligence, that is, failure to use reasonable care, on the part of the plaintiff, or on the part of the defendant, which continued up to the time of the collision and existed at that time, and was a part of the proximate cause of the collision, should be considered by you as negligence on the part of the plaintiff or the defendant in this case. ’ ’
Also,
“If you should find that the defendant was guilty of negligence, substantially as claimed by the plaintiff in his petition, and that that negligence was the proximate cause of the injury, and you further find that the plaintiff at the time was in the exercise of reasonable care, and by plaintiff I mean the plaintiff personally and also the driver of the automobile, then the plaintiff is entitled to recover.”
At the close of the general charge, counsel for plaintiff requested the court to charge to the effect that if the motorman on the street car saw, or by the exercise of ordinary care, should have seen the automobile truck as it was crossing or entering upon crossing the ear track, and that from that time on he had time to avoid this collision by bringing it entirely to a stop, then the truck would have had the prior right to cross, and such conduct would have been negligence on the part of the motorman. In response to this request the court further charged the jury in this language:
“When that street ear approached the street intersection, and .when that automobile truck approached the street intersection, *102 both the motorman and the driver of the automobile were obliged to use reasonable care to anticipate and discover the intentions of the other, and upon discovering — -upon the motorman discovering the intention of the driver, or when in the exercise of ordinary care he would or should have discovered the intention of the driver and his purposes, then it was the duty of the motorman to exercise reasonable care in the light of the intentions and purposes of the driver of the automobile.
On the other hand, the same duty rested upon the driver of the automobile to use reasonable care to discover the intentions and purposes of the motorman on that street car. And when he did discover those intentions, or when he would or should have discovered those intentions or purposes in the exercise of reasonable care, then it was his duty to exercise reasonable care in the light of those intentions and purposes on the part of the motorman.
And if either failed to exercise reasonable care under the cir-' cumstances, and that failure was the proximate cause or contributed to the proximate cause of the collision, then the respective parties are chargeable and accountable with the negligence.”
It is now urged that the instruction of the court failed to sufficiently emphasize the so-called last clear chance doctrine, in that the court did not respond to the request completely and in the language requested by counsel for plaintiff. At the trial the court was of the opinion that the evidence did not justify a charge which directly pointed out the defendant as the party to this collision that might be supposed to have had the last clear chance of avoiding the collision. The court at that time was of the opinion that the evidence was conflicting and the situation which developed was such that a fair charge to the jury necessarily required that the jury be told that the rights and duties of the parties at the time were substantially reciprocal, and in responding to the plaintiff’s request for further instruction, it was the purpose of the court in what was said to the jury, taken in conjunction with what had already been said, to .place the plaintiff and defendant upon an equal basis and leave it to the jury to determine whose negligence caused this collision. Upon reflection, the court adheres to the opinion entertained at the trial. There was no point in this occurrence where the sole power of avoiding this collision rested with the defendant, or *103 where the plaintiff, who was operating a vehicle of -equal. or greater mobility, had not an equal power of avoiding the collision. It was a ease of joint negligence continuing up to and merging to form the proximate cause of the collision. It was not a case for the court to emphasize the last clear chance of avoidance as resting with the defendant.
It is urged that the, ease of West v. Gillette, Admr., 95 Ohio St., 305, is an authority entitling the plaintiff to such a charge on the last clear chance doctrine, and it is also urged that the last clear chance doctrine is a doctrine operating in favor of a plaintiff and never against the plaintiff.
In the opinion of the court the case of West v. Gillette is entirely dissimilar upon its facts. In that case the decedent, driving in a covered wagon, approached the street car tracks, and by the motorman’s own testimony, he actually saw and had in constant view this covered wagon from the time it was several hundred feet away from the place where it was struck until the collision took place. The record did not show what the decedent did to avoid the collision. It did not show whether he looked, or listened and in view of the fact that it was a covered wagon the motorman did not know, and because of the decedent’s death in the collision the evidence did not disclose definitely, whether the decedent was conscious of the approach of the street car. The motorman, however, fully appreciated the danger to the decedent, and the evidence justified the theory that he relied exclusively on blowing his whistle and approached the crossing without slackening the speed of his car, notwithstanding he did not know whether the driver (decedent) was alert to the peril. The evidence, therefore,. justified the theory that the sole power of avoiding this collision rested with the motorman, and that the jury might have so found.
The evidence in the case at bar was such that upon no distinct or clear theory of the evidence could it be said there was a point where the sole power of avoidance of this accident rested with the defendant. It was a case of negligence, if any, concurrent and contemporaneous with the collision. The motorman in the ease at bar testified that the automobile truck came upon the *104 track immediately in front of the street car without any prior knowledge on his part of the chauffeur’s intention so to do and that he did all that he could to avoid a collision, whereas, the motorman of the street car in West v. Gillette testified that lie saw the wagon continuously as it traveled several hundred feet toward the street ear track. The difference in the facts of the two cases is shown in the second paragraph of the syllabus of West v. Gillette, which we quote:
2. Where a collision occurs and such driver is injured and the undisputed evidence shows that the motorman actually saw such vehicle and had it continually in view for a considerable distance from the crossing, it is for the jury to determine whether he exercised such vigilance and care in the circumstances; and the fact that the driver may have been originally negligent in the manner of going on the crossing will not, as matter of law, defeat his right to recover for the injury, if the motorman has not used such vigilance after discovering him. ”
Counsel for plaintiff cites several cases in support of his position, but in the opinion of the court they are all distinguishable. They are eases either where the last clear chance doctrine was not invoked, or where the chance of avoiding the collision rested clearly with the defendant, or where the negligence of the defendant was the sole proximate cause of the accident, and in which the negligence of the plaintiff was manifestly remote.
In Railway v. Kiner, 17 C.C.(N.S.), 431, there was no charge given on the last clear chance doctrine, and because of the slow moving character of plaintiff’s vehicle, he did not have equal opportunity to avoid the collision.
In Railroad Co. v. Kasson, 49 Ohio St., 230, the defendant knew that the person injured was on the track in a helpless condition and of course unable to avoid the injury.
In Greve v. Traction Co., 21 C.C.(N.S.), 331, the verdict was directed and no charge on last clear chance given, and furthermore, it was a case in which if plaintiff’s was believed, there had been no prior negligence to be avoided by the application of the last clear chance doctrine.
*105 In Harris v. Railway Co., 19 C.C.(N.S.), 410, the plaintiff’s horse was beyond her control and running away in plain view of the motorman. She did all she could to avoid the collision, but owing to the circumstances she was powerless, and legally in the same situation as the injured person was in Railroad Co. v. Kasson, supra.
Those are all the cases relied upon by plaintiff, excepting Traction Co. v. Brandon, 87 Ohio St., 187, in which the facts are identical in all essentials with those of West v. Gillette, and what has been said in regard to that case is equally applicable to the former.
The rule for which plaintiff contends is stated as favorably to him as it can be stated in Section 241 of Thompson on Negligence, and is as follows:
“Notwithstanding the previous negligence of the plaintiff, if, at the time when the injury was committed, it might have been avoided by the exercise of reasonable care and prudence on the part of the defendant, an action will lie for damages resulting from it. ”
The plaintiff’s ease did not meet the requirement of this rule for the reason that whatever negligence the plaintiff was guilty of was not negligence prior and preceding that of the defendant, but was negligence contemporaneous with and of exactly the same character as that of the defendant and continued down to the very time of the collision.
It seems to the court also, that the law is that the duty of avoidance of injury is reciprocal and that the state of the evidence in this case required the court to so state without emphasizing that the duty rested, under any supposed theory of the evidence, upon either party. It is clearly the law, that where the plaintiff by exercising ordinary care can avoid the consequence of defendant’s negligence, he can not recover. This is stated in Section 227 of Thompson on the Law of Negligence, in this language :
“Another proposition is that, although there may have been a a continuing act of negligence or misconduct on the part' of the *106 defendant, continuing down to the time of the accident, yet if, by the exercise of ordinary care, the plaintiff could have avoided receiving injury from it, but failed to exercise ordinary care and did receive injury from it, he can not recover damages. ’ ’
See also the same author at Section 240.
By accelerating the speed of the automobile the collision could have been avoided as readily as by reducing the speed of the car, and the facility for so doing was as great as that of the defendant to reduce the speed of the car.
It is the opinion of the court that the charge fairly stated to the jury the rules of law applicable, and left it to the jury to determine whose negligence, if any, caused the collision, and that the jury found either that it was the plaintiff’s negligence solely, or in contribution with the negligence of the defendant that was the proximate cause of the collision, and in view of the conflicting evidence the court is not disposed to disturb the verdict, and therefore, overrules the motion for a new trial.